Filed 6/12/23 P. v. Martinez CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C092719 |
| Plaintiff and Respondent, | (Super. Ct. No. 107515) |
| v. | |
| BONIFACIO MARTINEZ, | |
| Defendant and Appellant. | |

1

Defendant Bonifacio Martinez appeals the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  In June 2021, counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and asked this court to review the record and determine whether there are any arguable issues on appeal. We dismissed the appeal as abandoned in October 2021 (*People v. Martinez* (Oct. 28, 2021, C092719) [nonpub. opn.]) and our Supreme Court granted review in January 2022.

In December 2022, our Supreme Court held that the *Wende* procedures, including the court's duty to independently review the appellate record, do not apply to an appeal from the denial of a postconviction relief under the resentencing procedures set forth in section 1172.6.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226.)  In March 2023, our Supreme Court transferred the matter to us, with directions to vacate our original decision and reconsider whether to exercise our discretion to conduct an independent review of the record or provide any other relief in light of *Delgadillo*.

On April 6, 2023, we notified defendant: 1) counsel had filed a brief indicating no arguable issues had been identified by counsel; 2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and 3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider.  In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned.  More than 30 days have elapsed and we have received no communication from defendant.

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6 throughout this opinion.

We consider defendant's appeal abandoned and order the appeal dismissed. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The appeal is dismissed.


_____/s/_____
Duarte, J.


We concur:


_____/s/_____
Hull, Acting P. J.


_____/s/_____
Renner, J.